UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jose Gallimort, | Case No.: 2:19-cv-00586-JAD-DJA |
| Plaintiff | |
| v. | **Order Screening** |
| Offender Management Division, et al., | **Complaint and Dismissing Claims with Leave to Amend** |
| Defendants | |

Plaintiff Jose Gallimort brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth and Fourteenth Amendment rights were violated when the defendants held him in prison for five extra days before transferring him to the custody of Immigration and Customs enforcement.  Because Galimort applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  Having screened his claims, I find that he has not pled any colorable claims, so I dismiss his complaint and give Gallimort until July 16, 2020, to file an amended complaint if he can cure the deficiencies outlined in this order.

**Background**

**A.    Plaintiff's factual allegations**[2]

In October 2018, Gallimort was an inmate at Nevada's High Desert State Prison.[3]  He alleges that he was scheduled to be released on parole on October 5, 2018,[4] but at the last minute his release date was moved to October 10, 2018.  NDOC officials told Gallimort that his release

---

[1] ECF No. 4.

[2] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 3.

[4] *Id.* at 4.

date had been changed because Immigration and Customs Enforcement (ICE) requested that he be detained for five more days. But ICE claims that it was prepared to take him into custody whenever he was released. The complaint includes a document entitled "notice of custody determination" from the Department of Homeland Security (DHS).[5] The document is dated October 10, 2018, and indicates that Gallimort would be detained by DHS pending a final determination of his immigration case.[6]

Gallimort alleges that Brian Williams and the Offender Management Division were primarily responsible for the delay in his release. He further alleges that, because he had been paroled, leaving Gallimort in prison with other inmates put him at high risk of being injured or killed by jealous inmates.[7]

**B.    Plaintiff's causes of action**

Based on these events, Gallimort sues the Offender Management Division, Brian Williams, and James Dzurenda and alleges that they violated his Eighth and Fourteenth Amendment rights.[8] He seeks monetary damages.[9]

---

[5] *Id.* at 13.

[6] I note that ICE is an agency under DHS. Although the document indicates that Gallimort was held by DHS, Gallimort refers to ICE throughout the complaint. To avoid confusion, I will also refer to ICE when addressing Gallimort's allegations.

[7] *Id.* at 5.

[8] *Id.* at 4.

[9] *Id.* at 8.

**Discussion**

**A.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[11]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more

---

[10] *See* 28 U.S.C. § 1915A(a).

[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[16]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

**B.     Analysis of claims**

> *1.     Because Gallimort fails to demonstrate a liberty interest in an earlier transfer to ICE custody, he does not state a colorable Fourteenth Amendment claim.*

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.[19]  In *Sandin v. Connor*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[20]  The High Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected.[21]

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[18] *Id*.
[19] *Sandin v. Conner*, 515 U.S. 472, 487 (1995).
[20] *Id*. at 484.
[21] *Id*. at 486–87.

The complaint is not entirely clear, but it appears that Gallimort is arguing that he should have been transferred to ICE custody on October 5, 2018, rather than October 10, 2018.  The only hardship that Gallimort alleges from this delay is that he was in danger while in NDOC custody because the other inmates might be jealous of his parole status.  Gallimort does not explain why he faced danger that was different from the danger faced by every other paroled inmate in the days leading up to his release.  Nor does Gallimort allege that he was actually attacked or suffered any harm as a result of this alleged danger.  Gallimort's vague and conclusory statement is insufficient to show that he faced an atypical or significant hardship.  Gallimort thus has not demonstrated the existence of a liberty interested in being transferred to ICE custody five days earlier.  So he fails to state a colorable Fourteenth Amendment claim, and I dismiss this claim without prejudice and with leave to amend.

### 2. *Gallimort does not state a colorable claim that he was held beyond beyond the termination of his sentence.*

Gallimort does not explain the basis of his Eighth Amendment claim, but I liberally construe it as a claim that he was held beyond the termination of his sentence.  In order to state an Eighth Amendment cruel-and-unusual-punishment claim for detaining a person beyond the termination of his or her sentence, a plaintiff must demonstrate that the detention was the result of deliberate indifference to the prisoner's liberty interest or that the detention violated due process.[22]  I find that Gallimort fails to allege a colorable cruel-and-unusual-punishment claim.  As discussed above, Gallimort has not established a liberty interest in an earlier transfer to ICE custody, and thus he cannot demonstrate deliberate indifference to his "liberty interest."  Accordingly, I dismiss this claim without prejudice and with leave to amend.

---

[22] *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### C.     Leave to amend

If Gallimort believes he can allege facts sufficient to state colorable Fourteenth and Eighth Amendment claims and demonstrate the existence of a liberty interest that the defendants violated, he has leave to do so.  If he chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[23]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Gallimort must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  He must file the amended complaint by July 16, 2020, or this case will be dismissed with prejudice and closed.

### Conclusion

IT IS THEREFORE ORDERED that **plaintiff's claims are DISMISSED without prejudice and with leave to amend by July 16, 2020.**  If plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>.  If plaintiff does not file an amended complaint by July 16, 2020, this action will be dismissed with prejudice and closed.**

---

[23] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED THAT **the Clerk of Court is directed to**:

- FILE the complaint (ECF No. 1-1); and
- SEND plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

Dated: June 16, 2020

_____
U.S. District Judge Jennifer A. Dorsey